JACKSON, *ex dem.* LIVINGSTON and others, *against* ROBINS.

THIS was an action of ejectment for lands in the town of *Walkill*, in *Orange* county.   The cause was tried before his honour the chief justice, at the *Orange* circuit, in *September*, 1815.

The special verdict stated, that on the first of *January*, 1771, *William Alexander*, commonly called Lord *Stirling*, was seized of a certain tract of land of about 3,000 acres, in the county of *Ulster*, now in *Orange* county, of which tract the premises in question are part.   Lord *Stirling* died seised, in the spring of 1783, after having made his will, dated *January* 29th, 1780, which contained the following devise, "I give, devise, and bequeath all my real and personal estate whatsoever, unto my dear wife *Sarah*, to hold the same to her, her executors, administrators, and assigns, but in case of her death, without giving, devising, or bequeathing by will, or otherwise selling or assigning the said estate, or any part thereof, then I do give, devise, and bequeath, all such estate, or all parts thereof as shall so remain unsold, unde-vised, or unbequeathed, unto my daughter, Lady *Catharine Duer*, the wife of the Honourable *William Duer*, esq. of the state of *New-York*, to hold the same to her, her executors, administrators, or assigns."   *Catharine Duer*, who, after the decease of her husband, *William Duer*, married *William Neil-son*, and *Mary*, the wife of *Robert Watts*, were the daughters and co-heiresses of the testator.  Lady *Stirling* died in *March*, 1805.   In 1771, *Anne Waddell* recovered a judgment in the supreme court of the province of *New-York*, againt Lord *Stirling* for 7790*l.* debt, with damages and costs.   In 1775, the executors of *Anne Waddell* revived this judgment by

*Marginal note:* Where *A.* devises *all his estate* to *B.* his wife, her executors, administrators, and assigns, but in case of *B's* death, without disposing of it by will or otherwise, then to his daughter, *B.* takes, under the devise, the entire fee, and the subsequent limitation to the daughter is consequently void.

Where an adverse possession has commenced in the life time of the ancestor, the operation of the statute of limitations is not prevented by the title descending to a person under legal disability, as a *feme covert,* &c.

*scire facias ;* and after the death of Lord *Stirling*, in *October* vacation, 1787, they again issued a *scire facias* against the heirs and terre-tenants, of Lord *Stirling*, whereon *Robert Watts*, and *Mary*, his wife, and *Catharine Duer*, the heirs of Lord *Stirling*, alone were summoned, and in *January*, term, 1788, judgment passed against the persons thus summoned, by default; a *fi. fa.* was issued to the sheriff of *Ulster*, under which he sold the premises in question, with other lands, to *John Taylor*, and executed to him a deed, dated the 10th of *June*, 1788. On the 30th of *April*, 1794, *Taylor* granted the premises to *Harlowe*, who entered and took possession. *Harlowe* afterwards conveyed them to the defendant's father, from whence they descended to the defendant, as his heir at law.

This cause was argued at a former term, by *J. Duer* for the plaintiff, and *J. Emott*, and *S. Jones*, jun. for the defendant; and, again, in *October* term last by *Duer*, and *T. A. Emmet*, for the plaintiff, and *S. Jones*, jun. and *Slosson* for the defendant.(*a*)

Several of the points discussed in this cause were, also, raised in the case of *Jackson*, ex dem. *Livingston*, v. *Delancey*, (11 *Johns. Rep.* 365—376) which was affirmed in the court of errors. (13 *Johns. Rep.* 537—560.)

The plaintiff's counsel contended, 1. That *Catharine N.* one of the lessees, had a right of entry on the premises in question, under the limitations contained in the will of Lord *S.* and to show this, they insisted, that Lady *S.* took an estate *for life*, with power to sell or devise in fee, and that *Catharine N.* took in remainder; but admitting that the word *estate* in the will of Lord *S.* gave Lady *S.* the *fee*, yet there was a good *executory devise* to *Catharine N.* 2. That the right of entry of *C. N.* was not barred by the sale of the lands made by the sheriff of *Ulster.* 3. That her entry was not barred by the statute of limitations.

(*a*) The reporter did not hear the *second* argument, and as the court did not enter into an examination of the points discussed, it is not thought necessary to state any part of the arguments of the counsel.

PLATT, J., delivered the opinion of the court. The plaintiff claims title under the will of Lord *Stirling*, bearing date the 29th of *January*, 1780, and which took effect at the death of the testator, in the spring of 1783.

By that will, the testator devised to Lady *Stirling* all his estate, real and personal, with an absolute and unqualified right in her to " *sell, devise, or dispose of it,*" at her pleasure : and the will further declares, that " in case of her death, without giving, devising, or bequeathing, by will, or otherwise selling or bequeathing the said estate, or any part thereof," then the testator gives to his daughter, *Catharine Duer*, all such part of the estate as shall remain " unsold, undevised, or unbequeathed" by Lady *Stirling*.

In the case of *Jackson, ex dem. Livingston,* v. *De Lancy,* (13 *Johns. Rep.* 537—551.) the court for the trial of impeachments and the correction of errors, on a point essential in the determination of that cause, expressly decided, that according to the true construction of this will, Lady *Stirling* took an estate in fee simple, absolute ; and that the limitation over to *Catharine Duer* was not a good executory devise.

That decision sanctions the opinion of this court, in *Jackson* v. *Bull,* (10 *Johns. Rep.* 19.) and must be regarded, by us, as conclusive on that point.

Lady *Stirling* died in 1805, and the only title proved on the part of the plaintiff is, that *Catharine N.* one of the lessors, is the daughter and heir of Lady *Stirling*. Mrs. *N.* can claim nothing *immediately* from her father, Lord *Stirling*, either as heir or devisee.

It appears, that in *April*, 1794, *Harlowe* entered into actual possession of the premises in question, under a conveyance from *Taylor*, who purchased the land at the sheriff's sale, on the 16th of *June*, 1788.

Whether *Taylor* acquired a valid title, under the proceedings by *scire facias* and the sheriff's sale, is a question which does not necessarily arise in this case. The possession taken under that purchase was, at least, under colour of title, so as to constitute a possession *adverse* towards Lady *Stirling*, and all claiming under her. As the statute of limitations *began to run* in the lifetime of Lady *Stirling*, and had

overrun 20 years before the commencement of this suit, the coverture of Mrs. *N.* affords no protection to the title which she derived as heir of Lady *Stirling.*

The statute of limitations, therefore, bars the plaintiff's right of entry, and the defendant is entitled to judgment.

VAN NESS, J. Though I concur in the decision of the court, yet I think proper briefly to explain the ground of my concurrence. The construction of the will of Lord *Stirling* was settled by the *court of errors,* in *Jackson* v. *Delancy,* and I am not at liberty to adopt a different construction. Were it not for that decision, I should have no difficulty in saying, that Lady *Stirling* did not take a fee under the will of Lord *Stirling,* and that the judgments were not well revived by *sci. fa.* against Lady *Catharine Duer.* But a decision of the court of errors, directly on the point before the court, in this cause, and which was necessary to the determination of the cause in that court, must be binding on this court.

Judgment for the defendant.