Cateon, J.
delivered the opinion of himself and
Judge Peck ; Judge Whtte having decided the cause, as chancellor below, did not sit.
The only question presented for the consideration of the Court in this cause is, what is the construction of the following bequests in the will of Brittain Goodwin, deceased : —
“I give and bequeath unto my son, Jesse Goodwin, my young sorrel gelding and one feather-bed, to be delivered to him by my executrix, after my decease. Also I give to my wife, Elizabeth Goodwin, all my personal *614 estate, whatsoever and wheresoever, and of what nature, kind, and quality soever, after payment of all my just debts, legacies, and funeral expenses ; which personal estate I give and bequeath unto my wife, Elizabeth Goodwin, to and for her own use and benefit and disposal absolutely. The remainder of said estate, after her decease, to be for the use of the said Jesse Goodwin.”
Did the testator intend by his will to vest in his wife, Elizabeth an estate for life only, and after her death that Jesse should take the remainder of the estate in the property ? Or did he intend that his wife Elizabeth should have the power to sell and dispose of the same during her lifetime ; [805] and if any of the property was undisposed of by said Elizabeth at her death, and went to her executors, that Jesse should have what was so left undisposed of?
In coming at the true intention of the testator the Court can be much aided by legal principles applicable to trust and absolute estates.
1st. It is a settled principle that a valid executory devise is such an one as cannot be defeated at the will and pleasure of the first taker (say Elizabeth), by sale or any other mode of alienation. Attorney-General v. Hall, Fitzgibbon, 314, cited 10 John. Rep. 20; Jackson v. Bull, 10 John. Rep. 19; Jackson v. Robbins, 15 John. Rep. 169, 16 John. Rep. 571, 584, 1 P. Wms. 584; Moffat v. Strong, 10 John. Rep. 17; Ross v. Ross, 1 Swanston’s Rep.; Ide v. Ide, 5 Mass. Rep. 500.
The devisee, the first taker, has a use only of the property devised during life, if the executory devise is good. But if the first taker is given an absolute estate in the property devised, then the limitation over is void, being inconsistent with the interest given to the first taker, which was the entire estate ; and consequently nothing remains for the second taker.
2d. If the first taker, Elizabeth Goodwin, could exercise absolute control over the property, by selling the same, and vesting in the purchaser an indefeasible title, it would then be useless for the law to recognize, and guard with anxiety an executory devise that it could not preserve for the remainder man.
3d. It is a rule upon which this bill is grounded that where there is a remainder over, by way of executory devise, the property is unalienable in the hands of the first taker, as above laid down ; and should he attempt to sell, or in any other mode waste or misuse the property so as to threaten its destruction, the Court will impound it; that is, take it into the hands of the Court, by its officer, and give the first taker the profits. Our practice has been to require security for the lawful use of the property during the life estate; and if this is not given, then pursue the mode of seizing upon the property. See 3 Vesey’s Rep. 7; 2 Vesey, [306] 333, 529; 18 Vesey, 41. Security has been given for the preservation of the property in the present instance.
*615 If the first taker has power during his life to dispose of the property absolutely, it is not within the power of the Court to interfere for the preservation of it during the life estate. In all such cases the rule is, that the devise over is void, and that the first taker has the estate in fee. In this construction no distinction has been made .between goods and lands. Jackson v. Bull, 10 John. 21, where the rule is well laid down by the Supreme Court of New York.
Here a rule of law interposes which controls the intention of the testator ; for although the devise, in plain terms, is, that he gives to A, to be disposed of by him during his life, at his will and pleasure, but that such part of the property as may be undisposed of at his death, shall go in remainder to B. Yet B shall take nothing, although the whole property and estate devised remain in A at his death; for the reason that it is out of the powers of a court of chancery to govern the discretion in A, the first taker; and hence such an executory devise has uniformly been pronounced void. 16 John. Rep. 571.
“When a principle is settled,” says Lord Mansfield (Cowper’s Rep. 355), “no conjecture or private imagination can shake a rule of law, which must govern.”
To apply the rules above laid down to the case before the Court, it is admitted that the clause in Brittain Goodwin’s wiñ would have vested in the wife Elizabeth an absolute estate ; and that it gives her the power, as devisee, to dispose of the whole estate in the property devised, when not taken in connection with what follows, — “ The remainder of said estate, after her decease, to be for the use of the said Jesse Goodwin.” It is argued that this clause cuts down the estate of the wife to the mere use of the property during life, without any power in her to alien the same; that the Court can seize thereon, should she attempt to sell, and preserve it for Jesse by impounding it.
To test this principle, let us put a case. Suppose Elizabeth Goodwin had in her lifetime (for she is now dead) sold one or more of the slaves to a third person, bona fide ; [307] Jesse Goodwin, after her death, had brought detinue against the purchaser for the slave, relying upon the exec-utory devise in the will of Brittain Goodwin, — could he recover ? The Court thinks not; and for this reason: because Brittain Goodwin intended, by his will, to give his wife his personal property absolutely, to be disposed of by her according to her will and pleasure, by sale or otherwise; but that if any part of the property “ remained,” that is, was undisposed of by her at her death, Jesse Goodwin was to be entitled to the same; hence, by law, the executory devise in Jesse’s favor is void, and the bill must be dismissed.
Whether the assignment of his interest to Smith, the complainant, by Jesse Goodwin, authorized the former to prosecute this suit as assignee, has *616 not been examined by the Court; the defendant’s counsel waiving this point, and requesting that the cause should be decided on its merits.
The Court has given mature consideration to the opinion of Judge Haywood (reported in Peck’s Rep. 102) delivered in this cause at a former term, and duly appreciates the talents and learning of that distinguished judge; but feels itself constrained, by authority, and what is believed to have been the intent of the testator, to dissent therefrom.
In this appeal from the judgment of the Chancery Court, only three of the judges now in fact constituting this Court could sit upon its hearing above; one of the present judges was disinclined to affirm the opinion of the chancellor; the other two sitting members were of opinion it ought to be affirmed; when the question arose upon the construction of the Statute of 1824, which provides “ that there shall be the concurrence of three judges to make a decision, except in cases of appeal from the courts of chancery, in which appeals the judge who decided thé cause below shall not sit, and if the Court (meaning the four other judges) are equally divided, the judgment of the chancellor shall be affirmed.” The whole Court adjudge that where, there are three judges sitting upon the hearing of an appeal from the Chancery Court, and two are favorable to affirming the decree, and one is of opinion that it should be reversed, the decree shall be affirmed; for the reason [808] that, if the fifth judge were in his place, and favorable to a reversal, yet the two judges concurring with the chancellor could affirm. Therefore the judgment must be affirmed.
Decree affirmed.