## OLMSTEAD *v.* OLMSTEAD.

Where lands are devised by will which took effect prior to the revised statutes, and there are no words of inheritance, the devisee takes a life estate only.

And where lands are devised without words of inheritance, but charged by the will with a legacy, the estate is not thereby enlarged into a fee unless the charge is also imposed upon *the person of the devisee in respect to the lands devised.*

A testator by his will made in 1821, devised to his son Nathaniel, without words of inheritance, certain lands designated as the "Powers lot." To another son he gave a legacy of $1000, to be paid out of his *personal estate* if sufficient after paying debts and other legacies, but if not sufficient, then to be paid in land from the "Powers lot," *to be appraised by the executors,* so as to make up the sum of $1000. *Held,* that the legacy was not charged upon Nathaniel personally, and therefore that he took only a life estate in the "Powers lot."

It seems that by the true construction of the will, the *executors* were to pay the legacy out of the personal estate, or if that was not sufficient, then that they were to convey land from the "Powers lot," at an appraisal to be made by them, to make up the deficiency.

APPEAL from the supreme court, where the action was ejectment brought by Anna Olmstead against Samuel Olmstead, to recover an undivided fourth of fifty acres of land known as the "Powers lot," situated in Canaan, in the county of Columbia. The plaintiff claimed as one of the children and heirs at law of Nathaniel Olmstead, sen. The defendant claimed under Nathaniel Olmstead, jr. who died in 1835, and to whom the premises had been devised by the will of Nathaniel Olmstead, sen. in the year 1821. The question was whether a fee or only a life estate passed by that will. The same question in respect to another parcel of land arose in *Harvey* v. *Olmstead,* (1 *Com. R., p.* 483,) where a full statement of the provisions of the will will be found. The parts material to the present case are also stated in the opinion of the court. The supreme court held that only a life estate passed by the will to Nathaniel Olmstead, jr. and the plaintiff accordingly had judgment.

*K. Miller,* for appellant.

*H. Hogeboom,* for respondent.

GARDINER, J. delivered the opinion of the court. [57]

Most of the questions arising in this cause, were presented, and determined, in *Harvey* v. *Olmstead,* (1 *Comst.* 483,) in a case involving the construction of the same will. We adhere to that decision ; and the matters then adjudicated will not now be reconsidered. It is however claimed, that the devise of the Powers lot, to Nathaniel Olmstead, jr. without words of limitation, charged with a legacy of $1000 to Joseph Washington Olmstead, (in case the testator's personal estate should be insufficient for its payment,) vested a fee in the devisee, by implication. The determination of this question was not necessarily involved in the previous decision, and will now be examined.

And 1st. The law never enlarges an estate by implication, unless the devise imposes a charge upon the devisee, in respect of the lands devised. When this is done, as was remarked in the former case, it takes from the devise the character of a gift, and turns it into a purchase. If there was doubt as to the correctness of this principle, it is removed by the cases to which we have been referred by the plaintiff. In *Doe* v. *Richards,* (3 *Term Rep.* 356,) after a previous devise of leasehold property, the testator devised all the *rest, residue* and remainder of his lands and tenements, and *hereditaments,* and personal estate whatsoever, his *legacies* and funeral expenses *being thereout paid,* to his sister, and constituted her his sole *residuary* legatee. It was held, that the devisee took a fee. But it was distinctly admitted, that neither the terms " rest and residue," following the devise of a partial interest in lands, nor the word " hereditaments," nor the circumstance that she was the sole residuary legatee, any or all of them, were sufficient to convey a fee. In all these respects, that will was much stronger for the devisee, than the one under consideration. But the decision was placed exclusively upon the clause, providing for the payment of legacies and funeral expenses. The expression, " my legacies and funeral expenses being thereout paid,". imposed a condition, which qualified the whole devise over. That condition was, that all the legacies, &c. should be paid absolutely out of [58] the property. The devisee, by the acceptance of the devise, ad-

mitted the sufficiency of the fund, and assumed the performance of the condition as a personal duty, irrespective of the amount he might ultimately realize. Accordingly, Ashurst, J. remarked that if the words had been, paying all my funeral expenses and legacies out of the *rents* and *profits*, they would not convey a fee; *because* the devisee would only be liable to pay out of that *particular fund*, and could not be injured. But according to the words of this devise, all the legatees may call upon the *devisee* for their *demands*, and she must take a fee, to give her wherewithal to pay them.

*Denn ex dem. Moor* v. *Miller*, (5 *T. R.* 558,) is another of the cases to which we are referred. There the testator after disposing of a copyhold messuage, devised "all the rest of his lands, tenements, and *hereditaments*, and also all his goods, *after payment* of his just debts and funeral expenses." Held that the devisee took an estate for life only. Lord Kenyon distinguished the case from *Doe* v. *Richards, supra*. "There, he remarked, the debts were to be *paid* by the *devisee*, and were a charge on the estate in his hands; whereas here, the debts though charged on the *estate* are no charge on the *devisee*."

*Jackson* v. *Ball*, (10 *John.* 151;) *Heard* v. *Horton*, (1 *Denio*, 166;) *Spraker* v. *Van Alstyne*, (18 *Wend.* 200,) all assert the doctrine that there must be a charge upon the person of the devisee in respect to the land, in order to create a fee by implication; and that a charge upon the estate is not within the reason of the rule. A charge upon the person arises, in the language of the chancellor in *Spraker* v. *Van Alstyne*, "where the devisee is directed to pay debts or legacies personally, or to relinquish some right, on account of the devise, so that by acceptance of it, he impliedly assumes to pay the charge, or submit to the loss."

It remains to apply the principle, so satisfactorily established by the authorities cited by the counsel for the plaintiff, to the case before us. The words of this devise so far as they are applicable to this question, are as follows: "I give and bequeath to my son Nathaniel Olmstead, jr. the lot of land I purchased [59] of Jacob Powers; he the said Nathaniel to come into pos-

session of the same immediately after my decease." Under this clause Nathaniel took a life estate, and nothing more. So this court held in *Harvey* v. *Olmstead.* And the same principle was affirmed in *Doe* v. *Richards* and *Moor* v. *Miller*, relied upon by the plaintiff. The question is whether the estate thus obviously granted, is enlarged to a fee by implication.

The testator gave a legacy of $1000 to his son J. W. Olmstead, to be paid out of his personal estate, and legacies to his daughters. We then find the following provision, upon which the plaintiff relies to raise the implication : " I direct that after my decease, and a legal estimation shall be made of my personal estate, and after deducting all my debts (and the legacies to his daughters,) it shall not amount to $1000, the sum bequeathed to Joseph W. Olmstead, in that case the said Joseph shall be paid *in land, from the Powers lot*, so called, to be appraised by my executors, so as to make him the sum of $1000." The legacy, it will be seen, was to be paid by the executors out of the personal property, if sufficient : if not, the payment was to be completed in land, which was, to the extent of the deficiency, substituted for personal estate. Who then was to make the payment in land ? in other words, to convey such part of the Powers lot as would " make" the legatee " the sum of $1000." The answer is, those persons who were to pay the legacy, who were to make the appraisal, and who, in a subsequent clause of the will, were solemnly enjoined " to see and take care that the will should be religiously fulfilled in *all respects.*" In a word, the fair, if not necessary inference from the language of the testator is, that upon the happening of the supposed contingency, of a deficiency of personal property, the legatee was to be paid by the executors in land, from the lot in question ; that consequently a power to convey so much as might be necessary for that purpose, according to their appraisal, must be implied in their favor from the will. If the will, by a just construction, required the conveyance of the fee, the execution of the power would overreach any estate derived from the testator, whether by descent or devise. (2 *Chance on Powers*, §§ 1453, 1454, [60] 3047.) No personal duty or obligation is imposed upon Na-

thaniel as devisee. He is not required to pay the legacy out of the land, or in respect to it, or even in land, admitting (which is not the law,) that the last provision would create a fee by implication. He assumes nothing, and relinquishes nothing, by accepting the devise, as a consideration for it. He may not gain by the gift, but as the legatee is to be paid out of it, specifically, he can lose nothing; and there is, therefore, no necessity for turning his estate into a fee, by way of indemnity.

There is no force in the distinction between a devise of an estate, after the payment of a legacy, and a direct devise of the land, with a provision that the legacy should be raised out of it. In neither case is the devisee personally liable, and in both he takes as a mere gift, the residuum, after payment of the charge. The distinction is supposed to be warranted by *Doe* v. *Richards*, *supra*, and *Doe* v. *Snelling*, (5 *East*, 87.) It is not necessary to question those decisions in this case, but it is proper to remark that they have been doubted, both in England and in this country. (*Doe* v. *Clark*, 2 *Bos. & Pul.* 349, 350; *Jackson* v. *Bull*, 10 *John.* 153.) And in *Van Alstyne* v. *Spraker*, (*sup.*) it was distinctly asserted, that where the devisee was to pay out of the rents and profits, or out of the property, his estate would not be enlarged by implication.

The authorities cited by the plaintiff show the correctness of the judgment of the supreme court, and it must be affirmed.

Judgment affirmed.