CORNELIUS W. VAN VOORHIS, GRANTOR, ETC., RESPOND-
ENT, *v.* JOSEPHINE R. KELLY AND WILLIAM T. HUNT,
APPELLANTS, IMPLEADED, ETC.

*When an action to recover land may be brought by the grantee in the name of the grantor — when the beneficiaries are sufficiently represented in an action by their trustee and need not be made parties.*

The complaint alleged that on April 20, 1881, the plaintiff executed and delivered a deed of certain premises thereinafter described to one Willis, and that this action was brought by him in the name of the plaintiff, because at the time of the execution and delivery of the said deed the said premises were in the actual occupancy of the defendants, who claimed to hold the same adversely to the plaintiff by virtue of a title fraudulently and without authority obtained from the sheriff of New York. The fraudulent proceedings were alleged in the complaint to have consisted in the purchase by the defendant's testatrix of a small judgment against the plaintiff, and in the issuing by her of an execu-tion thereon after the expiration of ten years from the time when any preceding execution had been issued or returned, and in causing the land to be sold thereunder without levying upon the personal property of the plaintiff, which he owned and possessed to an amount in excess of what was required to pay the judgment, and in causing the title to the land to be conveyed to the said testatrix.

*Held,* that the action was properly brought by the grantee in the name of his grantor.

*Livingston* v. *Peru Iron Company* (9 Wend., 512); *Crary* v. *Goodman* (22 N. Y., 170, 177); *Moody* v. *Moody* (16 Hun, 189), distinguished.

The testatrix devised one-third of the land to one of the defendants and the other two-thirds to the defendants, her executors, in trust for other persons.

*Held,* that the beneficiaries were not necessary party defendants, as they were represented by the executors.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer to the plaintiff's complaint.

The defendants demurred upon the grounds : (1) That the complaint did not state facts sufficient to constitute a cause of action ; (2) that the plaintiff had not capacity to sue ; (3) that there was a misjoinder of parties plaintiff ; (4) a defect of parties plaintiff ; (5) a defect of parties defendant ; (6) that several causes of action were improperly united.

*John Townshend,* for the appellants.

*Wheeler H. Peckham,* for the respondent.

Daniels, J. :

The action was brought to recover the possession of real estate situated in the city of New York. It appeared by the complaint that the plaintiff, on the 20th day of April, 1881, executed and delivered a deed of the property to Charles Freemont Willis, and the action was brought in the name of the grantor upon the averment that the defendants, or some of them, were in the actual occupancy of the premises, claiming to hold the same adversely to the plaintiff by virtue of a title fraudulently and without authority obtained from the sheriff of the county of New York.

The adverse title was alleged in the complaint in general terms to have been fraudulent, and for that reason it has been urged that it is not such a title as is within the terms of the statute, declaring that " every grant of lands shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." (2 R. S. [6th ed.], 1120, § 168.) But the title relied upon was not, in form, obtained by a deed from the owner upon false or fraudulent representations made to him, and therefore not within the principle settled by *Livingston* v. *Peru Iron Company* (9 Wend., 512); *Crary* v. *Goodman* (22 N. Y., 170, 177), and *Moody* v. *Moody* (16 Hun, 189). For it was made to appear by the complaint that the alleged title, under which possession of the premises was held, was obtained by means of legal proceedings, which it was alleged by the complaint were fraudulently carried on with the design of divesting the plaintiff's title to the land. These proceedings consisted in the issuing, without leave of the court, of an execution upon a judgment after the expiration of ten years from the time when any preceding execution had been issued or returned, without levying upon the personal property of the plaintiff, which he owned and possessed in a quantity in excess of what might be required to pay the judgment, making a sale of the land in controversy by virtue of the execution, and conveying the title to it finally to Elizabeth Tinker, who was a party to the proceeding. And by her will, which was in legal force and effect at the period of her decease, the property was devised to the defendants in this action. These facts, even though the conveyance by the sheriff was equivalent to a similar deed from the owner of the property, as it was held to be in *Hetzel* v.

*Barber* (69 N. Y., 1, 9, 10), very substantially distinguished this case from those to which reference has already been made. For they do not present a case in which, by means of fraudulent representations, the owner of the property was induced to execute a deed in form conveying it, and which it has been held would not be such a title as is contemplated by this provision of the statute. But the case disclosed is the seizure of the plaintiff's property by an execution alleged to have been unlawfully issued upon a judgment appearing to have been in force, and the sale and conveyance of the property by the sheriff under such process. If the proceedings can be maintained, then the defendants have acquired the legal title to the property, even though they were set on foot and carried on with improper motives. But if they cannot be so maintained, still an apparent or colorable title to the property has been conveyed by the deed of the sheriff and the will of the grantee. They constitute a formal title to the land, and that title is adverse to the title of the grantor in the deed to Willis. That such a proceeding would create a title within this provision of the statute was conceded, even though it may not have been definitively held, in *Jackson ex dem. Livingston* v. *Robbins* (15 Johns., 169). The proceedings created what was in form a specific title to the land, and under that title the defendants were alleged to have held it adversely to the plaintiff when he executed his deed to Willis, and that is all that can be required to include the case within this section of the statute. (*Matter of Department of Public Works,* 73 N. Y., 560.)

To recover the land held adversely to the grantor at the time when his deed was executed and delivered, as the facts are alleged to have been in this instance, the action is necessarily required to be in the name of the grantor, for as to the party in possession claiming under an adverse title, such a deed is altogether void. For that reason, under the principle preceding the Code, it was held that the action to recover the possession of the property should be in the name of the grantor and not of that of the grantee. (*Hamilton* v. *Wright,* 37 N. Y., 502.)

And section 1501 of the present Code fully embodies this legal principle. For, in conjunction with section 1496, it has provided that an action to recover real property, or the possession thereof,

may be maintained by a grantee, his heir or devisee, in the name of the grantor or his heir, where the conveyance under which he claims is void because the property conveyed was held adversely to the grantor. And this is an action of that description. To state such a case is the entire nature and purpose of the complaint. It is to recover the possession of the property in controversy, held under an adverse title; and it is not deprived of this as its leading attribute by the allegations that the proceedings under which the sale was made by the sheriff were fraudulently carried on. Those allegations were made to characterize these proceedings as improper and unlawful and as indicating one of the legal grounds on which they should be disregarded and set aside for the purpose of enabling the plaintiff to recover what is the final object and design of the action, the possession of the property. They merely disclosed the manner in which it was alleged an unlawful title to the property had been obtained, and within the cases of *Lattin* v. *McCarty* (41 N. Y., 107) and *Phillips* v. *Gorham* (17 N. Y., 270), they were properly inserted in the complaint for that purpose, but their insertion did not legally or by any necessity change the nature of the action. It is still an action to recover the possession of the property in dispute, and these allegations present the legal grounds upon which it is to be claimed that the title under which the defendants hold the land is unlawful and voidable as to the plaintiff. They were very properly made in the complaint to apprise the defendants of the objections made to the title under which their possession of the property is held. Upon the facts stated the claim is intended to be distinctly made that this title should be overthrown and that asserted by the plaintiff maintained against the defendants, and if that shall be done it will at once follow that the plaintiff may recover the possession of the land in controversy.

It has been urged that the formal allegations that the plaintiff has been dispossessed, and that the property is wrongfully withheld from him by the defendants, have not been made in the complaint. But while that is the fact, other allegations have been made which in legal effect are of the same import. For it is shown by the complaint that the defendants holding the property have unlawfully obtained its possession and hold it adversely to the plaintiff, which they could not very well do without wrongfully withholding it.

· Other objections were taken by the demurrer to the complaint based upon the misjoinder and non-joinder of certain parties, but under the law applicable to the case the grantee in the deed from Van Voorhis was authorized to commence the action in the name of his grantor for the recovery of the possession of the property, under the circumstances stated in the complaint. And while other parties may, as ultimate beneficiaries, be interested in maintaining the title which has been assailed, they were not required to be joined as defendants in the action, for the reasons that the person representing them was made a party, and it is not alleged that they themselves were in possession.

The complaint, as it has been framed, presents a legal cause of action for the recovery of the premises in dispute, and neither of the objections taken to it by the demurrer can be properly maintained. The judgment from which the appeal has been taken was a lawful disposition of the case, and it should accordingly be affirmed, with the usual costs and disbursements.

DAVIS, P. J. and BRADY, J., concurred.

Judgment affirmed, with costs.