(71 App. Div. 343.)

### KELLEY et al. v. HOGAN.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. WILLS—CONSTRUCTION—REMAINDER—VALIDITY—TRUSTS.

A will devised property to a trustee in trust for testator's brother while the latter remained abroad, but directed that the property should be delivered to the brother whenever he required the trustee so to do, and that in case testator was not survived by the brother, or the latter did not claim the property, or died in possession thereof without disposing of it by will or deed, it should be held in trust to educate testator's nephew. *Held*, that the clause directing that the property be held in trust for the nephew, if not disposed of by the brother, was repugnant to the former provision, and was void as an attempt to limit the estate after a previous disposition thereof, even though the artificial rules relative to the use of the words "heirs, issue," etc., were abolished by the Revised Statutes, and therefore the property, on the death of the brother in possession and intestate, would pass to his heirs; the right of the nephew to take being defeated by the act of the brother in entering into possession of the property.

2. SAME.

Where the construction of a will is doubtful, but it appears that testator intended a disposition of his entire estate, a construction which will prevent intestacy will be favored.

Laughlin, J., dissenting.

Action by William J. Kelley, as substituted trustee under the will of Priscilla W. Pike, deceased, and another, against Sarah M. Hogan. Cause submitted on agreed facts. Judgment for defendant.

Priscilla W. Pike died in August, 1882, leaving a will which provided: "I give and bequeath to my brother Calvin Pike, in trust, all my real estate [comprising four lots]. * * * The said Calvin Pike is to take the said property in trust for the benefit of my brother Sylvester M. Pike during his absence in foreign parts, and is to deliver up to him the entire possession and control thereof whenever the said Sylvester shall require him to do so; but in case my brother Sylvester should not survive me, or in case he should not claim of my said trustee the said property, or in case he should die in possession of it without disposing of the same by will or deed, then my said trustee is to hold the said property in trust under this will for the benefit of my relative Ralph W. Maverick, now a minor, to be applied by said trustee for the maintenance of said Ralph, and for his education, and to fit him for some useful occupation." The will also made specific bequests, and gave "all the rest of my personal property in trust for Ralph W. Maverick as above stated." Calvin undertook the trusteeship, but Sylvester returned from foreign parts and demanded the entire possession and control of the property, and it was turned over to him. He subsequently sold part of the property, but died in January, 1896, without disposing of three lots. His sole heir was the defendant, Sarah M. Hogan. Subsequent to his death, and after Ralph W. Maverick had attained majority, all the heirs of Calvin, who died in 1893, and all the heirs of Priscilla, joined in a deed of the three lots not disposed of by Sylvester in his lifetime, and conveyed the same (if not already hers by inheritance from Sylvester) to the defendant, Sarah M. Hogan. Thereafter William J. Kelley was appointed substituted trustee under the will of Priscilla, and he, with Ralph W. Maverick, now seeks an adjudication that the defendant, Hogan, is not entitled to the property she claims to hold as

heir and under the deed above mentioned, but that it is trust property for Ralph W. Maverick, and will so remain during his life.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and LAUGHLIN, JJ.

Peter A. Sheil, for plaintiffs.
Arthur H. Wadick, for defendant.

O'BRIEN, J. The questions for our determination are: Was there a valid limitation upon the estate of Sylvester in favor of Ralph W. Maverick? And is it still effective?

As stated by the plaintiff's counsel, "probably no branch of the law of estates created by wills presents such an apparent conflict of decision as the question whether a valid remainder can be limited on an estate upon the nonexercise by the first taker of the power of disposition." The artificial rules of construction based in part on the use or absence of the words "heirs, issue," etc., which were in force prior to the Revised Statutes, no longer obtain; and the controlling factor now is the intention of the testator and the testamentary scheme, which is to be gathered from a reading of the entire will. An illustration of the view taken before the Revised Statutes is to be found in the case of Paterson v. Ellis' Ex'rs, 11 Wend. 259. So, also, in the early case of Jackson v. Robins, 15 Johns. 169, it was held, as summarized in the headnote, that where A. devises all his estate to B., but, in case of B.'s death without disposing of it by will or otherwise, then to his daughter, B. takes under the devise the entire fee, and the subsequent limitation to the daughter is consequently void. The more modern view can be found discussed in the case of Norris v. Beyea, 13 N. Y. 273, relied upon by the plaintiff. It was therein said:

"It is an obvious dictate of reason, as well as a settled principle of law, that all the parts of an instrument are to be taken together, in ascertaining its meaning, and that no part of it should be rejected as inoperative if the whole can reasonably stand together."

And it was accordingly held, construing the will there involved, that where, after a devise or bequest in language denoting an absolute gift of the whole estate in fee, there is in a subsequent part of the same will a limitation over in the event of the first devisee dying under age and without issue, the gifts are not repugnant to each other, but the latter is a valid executory gift. In that case, nevertheless, the principle was recognized that, if the first legatee is authorized to spend the principal for his own purposes, a subsequent limitation to take effect upon a contingency would be void on the ground of repugnancy; and it will be noticed that the devise over which was held good was one applying in case of the death of the first taker during infancy. We have been referred to no case wherein the legatee had the power of disposition by will that he did not take an absolute estate. This power of disposition by will has been regarded as a controlling element, and a crucial test upon the question as to whether the estate given is absolute or defeasible. If the legatee can only dispose of the estate during life, then the limitation over

has been sustained because within the protection of the statute. But a similar rule has not been applied where there has also been conferred upon the legatee a right to dispose of the corpus by will. The question received a thorough discussion in the case of Van Horne v. Campbell, 100 N. Y. 287, 3 N. E. 316, 53 Am. Rep. 166, wherein the authorities are collated, and the extent to which the rule of common law has been changed by the Revised Statutes is considered. There the testator devised real estate to his wife for life, with remainder to his son D., "his heirs and assigns, forever," and another parcel to his son H.; and the will provided subsequently that if either of the sons died "seised of the estate hereinbefore bequeathed, or any part thereof, without lawful issue, then the estate of him so dying seised * * * shall descend to the other." It was held that the limitation over was void, and D. obtained an absolute title; he having gone into possession after the death of the widow. Since this case was decided, it was held in Greyston v. Clark, 41 Hun, 125, where the will gave to a wife real and personal property "absolutely, * * * and with full power and authority to sell or mortgage as she thinks proper," and provided that such of the property as remained when she died should be divided among others, that "the estate given to the wife was of such a nature that she could dispose of it all during her lifetime for any purpose she should judge to be for her use and benefit," but could not dispose of it by will, and so much as remained was to be divided as directed by the testator. It has not been held, however, that, where the legatee was given the power of disposition by will, the limitation over was valid; and, as stated, the authorities are the other way. In the present instance the legatee could not only enter into full possession of the property, with power to sell or use it in any manner, but, in addition, as expressly provided, might will it as he saw fit. Under such circumstances, an absolute and complete estate was given, and therefore the subsequent provision giving the property to a trustee for the benefit of Ralph W. Maverick was void as repugnant.

Upon principle, therefore, as well as upon authority, we think it was not intended that the Revised Statutes should in any way change the rule that where the entire estate is given, with the power absolutely to dispose of it by deed and by will, there is nothing left in the testator upon which a limitation over can take effect. This is but another way of saying that, after one has given his entire estate away once, he cannot give it away again. What the testator here intended was to give the property absolutely to Sylvester, should he return from foreign parts and enter into possession, which, as we have seen, he did. It was only in the event of his not returning and entering into possession that provision was made for a trust in Ralph's favor, which was to continue during his infancy, or, at most, during life. It will be noticed that, unless this construction prevails, the result will be that, after the trust in favor of Ralph ceases, there is no one who is thereafter to take the property; and thus, in a will, where it is clear that the testatrix intended to make a disposition of her entire property, she would, after the trust estate ceased, have left the property undisposed of. In doubtful cases, where the testator

shows an intention to dispose of all his estate, that construction should be adopted which favors vesting, rather than one which leads to the conclusion that the testator died without having made a full disposition of it.

It is unnecessary to consider the other contentions of the defendant, that this trust is void for the reason that the corpus, and not the rents and profits, is directed to be applied, and constitutes only a power in trust, ceasing when the cestui que trust reaches majority, and that the trust, in any event, is terminated, as its purpose was to provide for the maintenance and education of Maverick, and to fit him for some useful occupation, which purpose must be deemed to have been accomplished when he reaches majority. On the ground of repugnancy, therefore, we think that the clause relating to Maverick was void, and that the defendant is entitled to judgment.

Judgment accordingly ordered for defendant, with costs. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. (dissenting). Ralph W. Maverick was a minor not only at the time the will was made, but also at the time of the death of the testatrix and Sylvester W. Pike. The latter having died while in possession of the property without having disposed of it by his deed or will, the testatrix has declared, in clear, pointed language, absolutely free from ambiguity, her intention in those circumstances that Maverick should have some interest in the premises. Where, as here, the intention of the testatrix is not left in doubt, it is the duty of the court to so construe the will as to carry such intention into effect, if that may be done consistently with the provisions of our statutes. Wager v. Wager, 96 N. Y. 167; Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322. The trust attempted to be created in favor of Sylvester, being merely to hold the premises for him, was a naked trust, not authorized by the statute, and therefore it is void; but in such case the interest intended for the beneficiary vests in him at once. Real Property Law, c. 547 (Laws 1896, §§ 51, 72, 73, 76, 79, 210); Helck v. Reinheimer, 105 N. Y. 475, 12 N. E. 37; Root v. Stuyvesant, 18 Wend. 278; Downing v. Marshall, 23 N. Y. 366–379, 80 Am. Dec. 290; Fowler, Real Prop. 241, 242. Appropriate words to give Sylvester an estate in fee are not found in the will, and it is by no means clear that such was the intent of the testatrix; but, as she has not expressly limited his interest to a life estate, the legal effect of her will may be to vest in him the fee. Real Property Law, §§ 129, 133; Deegan v. Von Glahn, 75 Hun, 39, 26 N. Y. Supp. 989, affirmed in 144 N. Y. 577, 39 N. E. 692; 4 Kent, Comm. 319, 536; Lalor, Real Prop. 201, 202, 208–210. The will, however, must not be construed as giving Sylvester the fee, if that would nullify the provision limiting a future estate therein, in certain contingencies, in favor of Ralph. If necessary to render the whole will operative, and especially the last clause over which is to Ralph, it should be construed as giving a life estate only to Sylvester, with power to sell or devise, and with the remainder over for the benefit of Ralph. Real Property Law, § 129; Smith v. Bell, supra; Crozier v. Bray, 120 N. Y. 366–373, 24 N. E. 712. If it was the intention of the tes-

tatrix to give Sylvester only a life estate, which, as has been seen, may be the effect of the will, with a power of disposition, the fee vested in him by statute absolutely, as to creditors, purchasers, and devisees, and the contingent limitation over to Ralph was expressly authorized by statute; and as to Sylvester the fee is a defeasible estate, and not an estate of inheritance. Real Property Law, §§ 129, 132. But if he took a fee, the rule of construction is that it will not be curtailed or limited by a subsequent clause of the will, unless that clearly appears to have been the intention of the testatrix, which is manifest in the case at bar. Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291; Clay v. Wood, 153 N. Y. 134, 47 N. E. 274. Here the testatrix clearly intended that the entire estate, both legal and equitable, should be devested in the event of Sylvester's death without having conveyed or devised it; and such a limitation of a fee upon a fee, though void for repugnancy at common law (Van Horn v. Campbell, 100 N. Y. 287, 3 N. E. 316, 53 Am. Rep. 166), is now authorized, and the common-law rule no longer obtains (sections 40, 206, Real Property Law; Fowler, Real Prop. 42, 170, 193, 359, 360; Greyston v. Clark, 41 Hun, 125; Leggett v. Firth, 53 Hun, 152, 6 N. Y. Supp. 158; Terry v. Wiggins, 47 N. Y. 512; In re Gardner, 140 N. Y. 126, 127, 35 N. E. 439; Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950).

It was, I think, intended by the enactment of the Revised Statutes to abolish all artificial or technical restraints of the common law with reference to the transfer of real property that were not expressly retained on the ground of public policy or expediency; and that it was intended to alter the common-law rule that a fee or lesser estate could not be limited upon a fee appears from many provisions expressly providing for such limitation. Real Property Law, §§ 22, 40, 42, 43, 48, 129, 130, 206; Fowler, Real Prop. 162; Lalor, Real Estate, 62, 64, 65, 93, 94, 104. If there were greater adherence to the plain language of the statutes, and less attention given to the common law, our law with reference to the disposition of real property would be better understood, and there would be less danger that the real intention of the testator would be defeated by an erroneous judicial construction of his will. It is unnessary to decide whether Sylvester took a life estate or a fee, for in either event the trustee took the remainder in trust for Ralph during his minority or for life. The trust for Ralph, though not expressed in the language of the statute, was unquestionably a valid trust to hold the premises, and apply the rents and profits, at least, to his maintenance, education, and to fit him for some useful occupation, at least during his minority. Real Property Law, § 76, subd. 3; Kiah v. Grenier, 56 N. Y. 220, 225; Vernon v. Vernon, 53 N. Y. 351; Bellinger v. Shafer, 2 Sandf. Ch. 293, 295; Donovan v. Van De Mark, 78 N. Y. 244; Hathaway v. Hathaway, 37 Hun, 265, 269. In my opinion, it is clear that upon the death of Sylvester no interest descended to his heirs, but the entire legal estate vested immediately in the trustee for the purposes of the trust. Real Property Law, § 80; Fisher v. Fields, 10 Johns. 495.

This brings us to the consideration of other difficult questions. The defendant has fortified herself by conveyances from the heirs

of the testatrix; and she claims that, even if there were a valid trust for Ralph, it continued only during his minority, and that upon his attaining his majority the legal title reverted to the heirs of the testatrix, who then became vested with both the legal and equitable title. If the trust was for Ralph's life,—and for that construction some support is found in the authorities (see Kiah v. Grenier, supra; Crandall v. Fowler, 18 Wkly. Dig. 139),—of course it has not terminated, and plaintiffs would be entitled to possession, and it would be unnecessary to decide whether at Ralph's death the title would vest in his heirs or devisees, or would revert to the heirs of the testatrix. It is significant that the testatrix speaks of Ralph as a minor, and I am inclined to think that the trust was only for his minority. Sterricker v. Dickinson, 9 Barb. 516, affirmed in 9 Barb. 323, note. The testatrix declares that in the event of the contingency the trustee shall hold the identical property "in trust for the benefit" of Ralph. The term "heirs," or other words of inheritance, not being necessary to create an estate in fee (Real Property Law, § 205), if there be no further provision in the will indicating an intent that Ralph shall only take an estate for his minority or during life, he takes the fee. So, also, in such case, if the further provision be insufficient to create a valid trust to receive and apply the rents and profits,—but doubtless they are,—the fee vested in him at once (Real Property Law, §§ 72, 76, subd. 3; Id. § 210; Crain v. Wright, 114 N. Y. 307, 21 N. E. 401; Id., 36 Hun, 74; Richards v. Jones [1898] 1 Ch. 438). The question then arises, do the words of the devise, "to be applied by said trustee for the maintenance of said Ralph, and for his education, and to fit him for some useful occupation," following the words "for the benefit of my relative Ralph W. Maverick, now a minor," cut down the fee that would otherwise be given by the words "for the benefit of"? If the devise had been directly to Ralph, to have and to hold "for his benefit and support," the fee would vest in him; and if followed by the clause, to be "applied for his maintenance, education, and to fit him for some useful occupation," such words would be insufficient to cut down the fee to an estate during minority or for life. The use of the word "benefit" was entirely unnecessary, unless it was intended thereby to devise the fee, and it is therefore significant. I think the proper construction of this part of the will is the same as if the words "the rents and profits," preceded the words, "to be applied," etc.; for it was manifestly the intention that rents and profits only should be applied by the trustee for the purposes specified. The same party may be both the beneficiary of a trust and the remainder-man. Chaplin, Trusts, § 359. The law favors that construction of a will which will prevent partial intestacy, rather than one which will permit it. Vernon v. Vernon, supra; Provoost v. Calyer, 62 N. Y. 545, 550–552; Shult v. Moll, 132 N. Y. 122, 127, 30 N. E. 377. There is no residuary devise. The testatrix manifestly intended that the entire estate should pass by her will, and I think Ralph took a vested remainder in fee and in possession at the termination of the trust. Real Property Law, § 210; Stevenson v. Lesley, 70 N. Y. 512, 517; Embury v. Sheldon, 68 N. Y.

227, 234, 235; Whitney v. Whitney, 43 N. Y. St. Rep. 841–843, 853–857, 18 N. Y. Supp. 3; Olmstead v. Olmstead, 4 N. Y. 56.

My conclusion is, therefore, that the trust is terminated, and that the fee is now vested absolutely in Ralph, in whose favor judgment should be awarded accordingly.