ALBANY,
Jan. 1813.

JACKSON
v.
BULL.

JACKSON, *ex dem.* BREWSTER, *against* BULL.

THIS was an action of ejectment, for lands in *Wallkill*, in *Orange* county. The cause was tried at the *Orange* circuit in *September*, 1811, before the *Chief Justice*, when a verdict was taken for the plaintiff, subject to the opinion of the court on a case containing the following facts:

*Charles Bull* died seised of the premises in question. By his last will, he devised to his son *Moses*, and to his heirs and assigns for ever, the lot bought of *James Young*; also the one half of his right in the bog meadow, &c. and also bequeathed to him 500 dollars, to be paid to him on his coming of age. To his son *Young*, he devised the farm bought of *John Booth*, &c. and to the lawful heirs of his body.

To his daughter he gave 600 dollars and some moveables, &c. to his other son, *James*, 1,000 dollars; and the residue of his property he directed to be equally divided among his four children. By a subsequent clause, the testator declares: "In case my son *Moses* should die without lawful issue, the said property he died possessed of, I will to my son *Young*, his lawful issue, &c. I will, in case my son *Young* should die without lawful issue, the property he died possessed of, should go to my son *Moses*, and his lawful issue," &c.

After the death of the testator, *Moses*, his son, entered into possession of the property so devised to him by the will of his father, and died in possession thereof, without lawful issue; and by his last will, devised his property to his wife, sister and half brother, under whom the lessor of the plaintiff claimed title.

*J. Duer*, for the plaintiff, contended that the limitation over was void; 1. Because the words " dying without lawful issue," must be understood a general and indefinite failure of issue, there being no words in the will manifestly showing the intent of the testator that the words should be confined to the issue living at the time of the death of the first taker.*

2. Because it is repugnant to the absolute power of disposal given by the will to *Moses*, who is enabled to defeat the executory devise; and it is a well settled rule, that it is not in the power of

*Term Rep.* 589. 1 *Johns. Rep.* 440. 3 *Johns. Rep.* 292.

*Sidenote (right margin):*
B. by his last will, after devising a certain lot of land to his son *Moses*, his heirs and assigns for ever, declared as follows: " In case my son *Moses* should die without lawful issue, the said property he died *possessed of*, I will to my son Y.," &c.
It was held that the limitation over was void, as being repugnant to the absolute ownership and disposal of the property given to *Moses* by the will.

*Footnote:*
* 2 *Fearne*, 322, 352. 1 *P. Wms.* 199. n. 3 *P. Wms.* 99. 261. n, 1 *Ves.* jun. 286. 5 *Ves* 440. 9 *Ves.* 202. 7 2 *Atk.* 308.

ALBANY,
Jan. 1813.

JACKSON
v.
BULL.

* 2 *Fearne,*
50. (4th edit.)

† 1 *Johns.*
*Rep.* 440.

the first taker to bar or destroy, in any manner, the subsequent estate limited, and it is this which distinguishes an *executory devise* from a contingent remainder.* This could not, therefore, be a good limitation over, by way of executory devise.

*Storey* and *Ruggles,* contra, insisted that the limitation over was good, and relied on the case of *Fosdick* v. *Cornell,*† and the authorities and principles there stated.

*Per Curiam.* The limitation over must be considered void. Whether it would have been void, as applying to an indefinite failure of issue by means of which the devisee would take an estate tail, (with us is turned into an estate in fee,) is a question we need not now discuss, for it is void on another ground, as being repugnant to an absolute control over the estate which the testator intended to give. The testator gives the estate to *Moses,* his heirs and assigns, and then " in case my said son *Moses* should die *without lawful issue,* the property he *died possessed of,* I will," &c. The case of *The Attorney-General* v. *Hall* (*Fitzg.* 314.) is in point to show that these last words imply a power of alienation by the devisee, and, consequently, an absolute ownership repugnant to the limitation, and destructive of it. The limitation is to attach only upon the property he *died possessed of.* In the case cited, there was a devise of real and personal estate to the testator's son, and to the heirs of his body, and that if he should die leaving *no heirs of his body,* then so much of the real and personal estate *as he should be possessed of at his death* was devised over to the complainants, in trust. The son, in his lifetime, suffered a common recovery of the real estate, and made a will as to the personal estate, and died without issue, and a bill was filed against the executor to account. The Lord Chancellor *King,* aided by the master of the rolls, and the chief baron of the exchequer, determined that the devisee was tenant in tail of the real estate, and had barred the plaintiffs by the common recovery; and that the executrix was not to account for the personal estate, to the persons claiming under the limitation, for that it was void, as repugnant to the absolute ownership and power of disposal given by the will.

Lord *Hardwicke* has given his sanction to the accuracy of that case, and to the authority of that decision; (1 *Ves.* 9.) and the supreme court of *Massachusetts,* in the case of *Ide* v. *Ide,* (5 *Tyng,* 500.) have made a similar decision, in a like case,

and upon the same authority. In that case, after an absolute de-vise of real and personal estate to the son, the will adds that if he should die and *leave no lawful heirs, what estate he shall leave,* to be equally divided, &c. The limitation there was held to be repugnant and void, though it was admitted, that without that clause, it would have been a good executory devise. The question does not turn upon the fact, whether the devisee had exercised his power of alienation. He had not, as to the per-sonal estate, in the case from *Fitzgibbon;* but the question is, whether the clear intent of the testator to give him an absolute control over the property, be not inconsistent with, and destructive to, what would otherwise have been a good and binding limitation. A valid executory devise of real or personal estate, cannot be de-feated at the will and pleasure of the first taker. This is a set-tled principle. It cannot be barred by a common recovery, or by any other mode of alienation. (*Pells* v. *Brown, Cro. Jac.* 590. 1 *Salk.* 299. *Powell,* J.) The devisee has nothing more than the *use* of the property devised; and if he could legally exert an abso-lute ownership over the property, it would then be useless for the law to recognise and guard with any anxiety these testamentary settlements. This point was sufficiently discussed in the case of *The Executors of Moffat* v. *Strong\** already decided.

Judgment for the plaintiff.

