AUGUSTUS H. FISKE, Administrator, *vs.* NATHANIEL R. COBB & others.

A legacy to one, his heirs and assigns, accompanied by a bequest over in case he die without issue, is to be paid to him, without requiring security, even if he renounces the office of executor to which he is appointed by the will, and resides in another state; unless there is danger of his wasting, secreting or removing the property.

BILL IN EQUITY by the administrator with the will annexed of Elizabeth Cobb, to obtain the instructions of the court concerning the disposition of personal property held by him under the following clause in said will :

" All the residue and remainder of my estate, real and per-

sonal, wherever the same may be situated, I give, devise and bequeath to my grandson Nathaniel Ripley Cobb, to have and to hold the same to him, his heirs and assigns for ever; and I hereby appoint him, the said Nathaniel Ripley Cobb, to be sole executor of this my last will and testament: Provided however, that if the said Nathaniel Ripley Cobb should, at his decease, leave no children or child, then and in that case my will is that the aforesaid residue and remainder of my estate should be disposed of in the following manner, viz: one thousand dollars to my nephew William Z. Ripley, one thousand dollars each to my nieces Betsey Foster M. Ripley and Ann Elizabeth March, and the rest to the Newton Theological Institution."

Nathaniel R. Cobb claimed the whole of the property in question. He had declined the trust of executor, and resides in New York. He was unmarried when the testatrix died, but has now a wife and three children.

The Newton Theological Institution contended that Nathaniel R. Cobb took only an estate for life, or else an estate subject to the conditional limitation, that, if he should die without issue, that institution, and the nephews and nieces of the testatrix, would be entitled to receive the property; and prayed that, as Nathaniel R. Cobb had renounced the executorship, and resided in New York, beyond the jurisdiction of the court, so that the property, if paid to him, would be out of reach of their process, a trustee might be appointed to hold the property.

The case was submitted to the decision of the court upon the bill and answers and an agreed statement of facts, so much of which as is material to the understanding of the decision is above stated.

*E. D. Sohier & C. A. Welch,* for Nathaniel R. Cobb.

*W. J. Hubbard,* for the Newton Theological Institution.

THOMAS, J. The question upon the bill, answer and agreed statement of facts is, whether the plaintiff in equity, the administrator with the will annexed of the estate of Mrs. Cobb, shall pay over the money in his hands, the proceeds of personal property of the testatrix, to Nathaniel R. Cobb, or whether the same shall be held in trust, the income paid to said Cobb during his

life, and, at his decease, the principal to his children, if he shall have any, otherwise, to the Newton Theological Seminary, and the nephews and nieces named in the will.

The doctrine is well settled, that if a legacy is given generally but subject to a limitation over upon a subsequent event, the divesting contingency will not prevent the legatee from receiving his legacy at the end of the year from the testator's death. Security is required in such cases only when it is shown to the court that there is danger that the property will be wasted, secreted or removed by the first taker. *Homer* v. *Shelton*, 2 Met. 194. *Fawkes* v. *Gray*, 18 Ves. 131. 2 Williams on Executors, 1192.

Had such a question arisen upon the facts, it might have been necessary to consider further whether it was not the clear intention of the testatrix that the grandson, Nathaniel R. Cobb, should have an absolute property in the estate, and whether the limitation over is not void, as inconsistent with such absolute property. *Ide* v. *Ide*, 5 Mass. 500. *Burbank* v. *Whiting*, 24 Pick. 146. *Homer* v. *Shelton*, 2 Met. 194. *Ramsdell* v. *Ramsdell*, 21 Maine, 288. *Jackson* v. *Bull*, 10 Johns. 19. *Jackson* v. *Robins*, 13 Johns. 169. *Gee* v. *Mayor of Manchester*, 17 Ad. & El. N. R. 737. *Hall* v. *Priest*, *ante*, 22.

In the present posture of the cause, it is only necessary to say that the money in the hands of the administrator with the will annexed is to be paid to the defendant Cobb, without security.

*Decree accordingly.*