# CHARLES E. RANDALL v. LLOYD N. JOSSELYN.

## [In Chancery.]

*Will, Construction of. Conditional Estate. Limitation over. Life Estate. Vested Remainder. Devise over.*

1. An executory devise of real estate cannot be barred by any method of alienation; thus, the testatrix bequeathed her estate to her son, subject to the condition that he deceased leaving issue who could inherit from him, and on failure of such issue, to her nephew and his heirs. On a bill in equity brought for a construction of the will; *Held*, that the son took an estate in fee simple with an executory devise, without power of alienation; and that the court could not authorize a conveyance without the consent of all the devisees over, they being parties.

2. Applying the rules that all the clauses of the will must be construed together, and that the intention of the testatrix must prevail, unless it is in conflict with some fundamental principal of law, it was held that the first taker was not given power of disposition.

3. The children of the defendant nephew and their descendants should have been made parties, and not being such, their rights are not affected by the defendant's answer consenting that the orator might be authorized to convey the fee on furnishing security to him to account for the avails.

4. Neither party is entitled to costs.

BILL IN CHANCERY. Heard on bill and answer, December Term, 1886, ROWELL, Chancellor.

Decree, that the court had jurisdiction; that the devise over, in case the son dies without children, etc., will take effect as an executory devise; that the orator has only a qualified or base fee in the land in question, but that the will doth give him power to sell and convey the same and give good title thereto; but if he do this, he must give the defendant a bond, with sufficient sureties, to be approved by the clerk of court, which shall be in the penal sum, double the amount for which

the land is sold, and conditioned to account for and pay over the principal of the avails of such sale according to the terms and provisions of the will as herein construed.

Appeal by the orator.

*William E. Johnson*, for the orator.

The bill and answer call for a construction of the will. A fair construction gives the son power to dispose of this property.

The testatrix gave authority to the executor to sell during the son's minority if the son consented. Surely she did not expect him to have less sense as he grew older. There is nothing to limit the right to sell. *Jones* v. *Bacon*, 68 Me. 34, holds that an absolute power of disposal in the first taker of an estate renders a subsequent limitation repugnant and void. When the first taker has the power of disposal by deed or will, a devise over is void. *Van Horne* v. *Campbell*, 3 New Eng. Rep. 316. It was ruled in *Ide* v. *Ide*, 5 Mass. 500, PARSONS, J., that where it was the clear intention of the testator that the devisee should have an absolute property in real estate devised, a limitation over must be void. The following cases hold the same doctrine : *Gifford* v. *Choate*, 100 Mass. 343 ; *Shaw* v. *Hassey*, 41 Me. 495 ; *Stuart* v. *Walker*, 72 Me. 146 ; *Hale* v. *Marsh*, 100 Mass. 468 ; *Brattleboro, Village of*, v. *Mead*, 43 Vt. 556. The estate under the will vested in the orator.

*French & Southgate*, for the defendant.

The orator took but a life estate. The gift to him is subject to " conditions and limitations." The latter clause controls the prior language of the will. 2 Jar. Wills, 46 ; *Smith* v. *Bell*, 6 Pet. 84. The defendant took a vested remainder in himself and children to take effect on the termination of the orator's life estate, subject to be divested on the orator's having direct descendants living at his death. 2 Jar. Wills, 407, 411 ; 2 Redf. Wills, pp. 593, 626 ; *Richardson* v. *Paige*, 54 Vt. 373 ; *Lovejoy* v. *Raymond*, 58 Vt. 509 ; *Doty* v.

*Chaplin*, 54 Vt. 361.  In this case the remainder passes in the
first instance to the defendant ; and if he should die before the
orator, then to his children.  *McCloskey* v. *Gleason*, 56 Vt.
264.  The rule of modern cases is to construe wills so as to
create vested remainders, and not executory devises.  2 Redf.
Wills, 612, 627, 643 ; 2 Jar. Wills, 483, 485 ; 2 Green.
Cruise, 457, 468.  The subsequent estate will be construed a
remainder where it is possible.  2 Saund. 388, n. 9.  A
vested remainder cannot be barred by the orator's deed.  3
Green. Cruise, 519 ; 2 Saund. 388, n. 9.

The opinion of the court was delivered by

WALKER, J.  The testatrix, Sarah S. Randall, devised and
bequeathed all her estate, real and personal, to her son Charles
E. Randall, who was her only child and heir, subject to the
following conditions and limitations :

" In the event of my decease before my son shall have at-
tained the age of twenty-one years, I leave the care and man-
agement of my property, for the benefit of my son, to my
executor hereinafter named, until my son shall have attained
the age of twenty-one years ; my said executor is hereby
authorized, before my son arrives at such age, with the consent
of my son, to change any of my property into money or other
property for the benefit of my son, if my executor and my son
deem it best to do so.  When my son has attained the age of
twenty-one years, or at my decease if thereafter, he is to have
the control and management of said property, which I give to
him and heirs absolutely, provided he has children or their de-
scendants who can inherit said property, or the avails of the
same, from him at the time of his decease ; but in the event of
the death of my said son without having any child or children,
or their descendants, who can inherit from him, I then will
and direct that all my said property, or the avails of the same,
if changed into other property or into money, go to and be-
come the property of my nephew, Lloyd Norris Josselyn, my
sister's only child, and his heirs, or to his child or children

and their descendants, in the event of his death before the death of my said son."

The will was duly probated. On the settlement of the executor's administration account there was left belonging to the estate of the testatrix certain personal property, a piece of land in Wisconsin, and a dwelling-house, out-buildings and land adjoining in Woodstock, Vermont, which were occupied by the testatrix as her homestead at the time of her decease. All the residue of her estate was on the 2d day of August, 1882, decreed by the Probate Court to the orator, the said Charles E. Randall, pursuant to the terms and provisions of said will, and he being then of full age received possession of the whole estate from the executor. He now desires to sell and convey the real estate situated in Woodstock aforesaid, if he has authority under the will to convey a good and perfect title to the same in fee; and brings this bill in chancery for the purpose of having the court determine what right and interest he has in the real estate in Woodstock under the will, and prays that he may be permitted to sell and convey the Woodstock premises on such terms as to the court may seem meet and proper. The decree of the Probate Court did not settle the question involved. The question arising, then, in the case is, what estate the orator, Charles E. Randall, took in the devised premises under the will of the testatrix. In determining this question the whole will must be considered, and all the clauses construed together. In no other way can the intention of the testatrix be ascertained. In construing the will the mind and intention of testatrix, if it can be discovered, must prevail, unless that intention is in conflict with some fundamental principle of law which ought not to be disregarded to meet the wish or caprice of the testatrix. There is a devise or gift to the orator as first taker, and a limitation over to the defendant Josselyn or his children and their descendants. Effect must be given to both, if consistent with the rules of law, if such was clearly the intent of the testatrix.

It is contended by the orator that the will gives him, as first

taker, power to dispose of the whole estate, and that this power is inconsistent with, and therefore destructive of, the limitation over, and that as the limitation cannot be carried into effect he takes the whole estate in absolute fee simple.

There is no doubt of the rule that where there is an absolute power of disposition given by the will to the first taker, the limitation over upon his dying without children, etc., is void as being inconsistent with the absolute estate. The power of disposal vests the whole estate in the first taker. 4 Kent Con. 264.

But we think the orator's contention is not supported by the language of the will. The construction contended for would defeat the intention of the testatrix. The will, in the event of the decease of the testatrix before her son attains the age of twenty-one years, leaves the care and management of her whole estate to the executor during the son's minority, and gives the executor power during that time to change any of her property into money or other property for the benefit of the son, if both deem it best so to do. When the son reaches the age of majority, or at her decease, if thereafter, he is to have the control and management of her property, which she "gives to him and heirs *absolutely*, *provided* he has children or their descendants, who can inherit said property, or the avails of the same, from him at the time of his decease." No clause of the will gives the property to the son except upon the express proviso and limitation therein stated. It gives him the fee conditionally. In the event of his decease, without issue living, his interest in the estate is defeated, and the whole goes over to the nephew or his issue. The estate does not vest absolutely in the son unless he leaves issue at his decease who can inherit it from him. The "control and management" of the property which the will gives him, manifestly does not include power of disposal. It gives him the use, possession, superintendence and direction of the property and the power of exercising a general restraint over the same until the happening

of the event that will determine who takes the property in fee simple absolute. The language of the will shows that the testatrix did not intend that her property should vest absolutely in her son on his attaining the age of majority with power of disposal. In direct and clear language she makes the estate given to him a conditional one and contingent during his life, subject to be defeated by his death without children or their descendants surviving him.

The will does not authorize or contemplate any change in her property after the son attains the age of majority. In the devise over the language is: "I will and direct that *all my* said property, or the avails of the same, if changed into other property or money, go to and become the property of my nephew," etc. The phrase, "or the avails of the same," in the devise to the son, and the phrase, "or the avails of the same if changed into other property or money," in the limitation over, when read in connection with the words "my property" and "all my said property," and construed with other parts of the will, we think, do not indicate or imply a power of disposal in the son. They clearly have reference to changes made in her property by the executor under the authority given him by the will, which she intended should be subject to the devise over, and treated the same as property left by her. No express authority to dispose of her property is given to the orator, and none is fairly implied from the language of the will. The limitation over is not of such estate as the son, as first taker, *shall leave*, as in *Ide* v. *Ide*, 5 Mass. 500, nor of such property as the son or first taker *shall die possessed of*, as in *Attorney General* v. *Hall*, Fitzg. 314, and in *Jackson* v. *Bull*, 10 Johns. 19, which words were held to imply an absolute power of alienation, and consequently an absolute ownership, destructive of the limitation; but the limitation here is of "*all my said property*, or the avails of the same if changed into other property." The testatrix evidently intended that her son should succeed to the inheritance if he had issue at his decease to take it from him, otherwise that the nephew or his issue should

succeed to it, so that the estate should descend in the line of her blood rather than in the line of her husband.

This view of the testatrix' meaning or intention, derived from the provisions of the whole will, is strengthened from the situation of the testatrix in respect to her son and sister's descendants. The son was her only child and heir, and would have inherited her whole estate absolutely if she had left no will, and it is not probable that she would have attempted by will to limit and qualify his interest in her estate and give it over to her sister's descendants on the happening of the specified contingency, if she had intended that the whole should vest in him absolutely on her decease.

The general intent and controlling idea of the will is to vest the estate in the son only upon the conditions and limitations expressly stated therein. To read it otherwise would be reading it contrary to to its primary signification and defeat rather than effectuate the intention of the testatrix.

The defendant insists that the orator takes under the will simply a life estate with a vested remainder in the defendant and his children subject to be defeated on the orator's leaving children or their descendants at his death.

We think this contention is erroneous. By the terms of the will, if the son shall leave no children or their descendants, who can inherit from him, at his decease, then the defendant or his descendants will take the estate, given in the first instance to the son, from the testatrix under the will, not as a remainder, but in substitution for the preceding estate. If the son leaves children or their descendants, they will take the estate given to him not as a remainder under the will, but by descent from him, out of the fee devised to him which has not been defeated by the prescribed event. The language of the primary devise does not, in terms, limit the estate to a life estate in the son, but it in terms gives to him the fee on the specified condition, on the occurrence of which the fee is to cease and go over and vest in the devisees over, if there then be any to take, and if there be none then to take, the devise over will become inop-

erative, and the conditional fee will become absolute in the son. 2 Jarman on Wills, 489 ; 2 Redfield on Wills, 647 ; *Drummond* v. *Drummond*, 26 N. J. Eq. 234, 647 ; *Jackson* v. *Staats*, 11 Johns. 337. Nor is the testatrix' language consistent with an estate of inheritance descendible to an indefinite failure of issue, which would constitute an estate in feetail, which under our statute would be a life estate in the first taker with remainder in fee simple to the person to whom the estate-tail on his death would first pass, for the limitation is not upon an indefinite failure of issue, but is expressly confined to a failure of issue at the time of the death of the first taker. The limitation cannot operate as a limitation of remainder after a life estate, for it is not an estate immediately expectant on the natural determination of a particular estate of freehold limited in the will. The limitation is a devise over to the defendant or his children and their descendants in derogation of, or in substitution for, a preceding estate in fee simple in the son ; the fee simple given to the son being subject to be defeated in favor of the devisees over on the simple condition of his having no issue at his decease to whom it can descend. It is a strict executory devise. 2 Jarman on Wills, 485 ; 2 Redfield on Wills, 645. This construction of the will will carry out the intention of the testatrix. The condition of the devise over is valid and within the rule as to perpetuities ; for the event under which the fee passes away from the collateral heirs of the son must happen, if at all, at the decease of the first devisee.

The rule is well settled that where the devise over depends upon a definite failure of issue at the decease of the first devisee an estate in fee simple with an executory devise is created. The doctrine is very clearly explained by KIRKPATRICK, Ch. J., in *Den* v. *Taylor*, 5 N. J. L. 413, where the testator devised all his lands to his nephew, Stephen Sheppard, his heirs and assigns forever, with the limitation in " case he should die before he arrives to lawful age or have lawful issue then and in that case over to his nephew, John Sheppard,

Randall *v.* Josselyn.

and his nieces, Hannah and Louisa Sheppard," the court held that the devise gave Stephen an estate in fee with a limitation to John, Hannah and Louisa, by way of executory devise, and not an estate in feetail with a remainder over. In *Den* v. *Snitcher and others*, 14 N. J. L. 53, the words of the limitation following the gift to the testator's son of the plantation were, " if he shall die without issue then at his decease the plantation shall be divided," the one-half part being given over in trust for the benefit of the monthly meeting of Friends. The court held this an executory devise, because the limitation over was on a definite failure of issue, the devise over taking effect at the decease of the first devisee. In *Den* v. *Allaire*, 20 N. J. L. 6, it was held. that where the limitation over is to take effect upon a definite failure of issue, the previous estate is a fee simple, subject to be defeated upon the happening of the event specified in the limitation. In *Hatfield* v. *Sneden*, 54 N. Y. 280, where the testatrix devised and gave her whole estate to her daughter Elizabeth and her heirs and assigns forever, providing her son, who was supposed to be lost, did not return, but if he should return, then the daughter and son to share the same equally; and providing further that if the son did not return and the daughter should have no children living at her decease, her whole estate should go to Jacob Hatfield and his heirs and assigns forever, it was held that the daughter took the estate in fee limited by the executory devise over to Hatfield, which would defeat the daughter's fee on the happening of the specified event. To the same effect are *Richardson* v. *Noyes*, 2 Mass. 56; *Moffat* v. *Strong*, 10 Johns. 12; *Den* v. *Schenck*, 3 Halst. (8 N. J. L.) 29; *Seddel* v. *Wills*, 20 N. J. L. 223; *Pells* v. *Brown*, Cro. Jac. 590; *Roe* v. *Jeffrey*, 7 T. R. 589; 1 Salk. 236; 4 Kent's Com. 268, etc.

The essential quality of an executory devise is that it cannot be affected by the owner of the precedent estate. 2 Jarman on Wills, 495. It is well settled that a valid executory devise of real or personal estate cannot be defeated at the will or

pleasure of the first taker. It cannot be barred by any method of alienation. *Pell* v. *Brown*, Cro. Jac. 590, 1 Salk. 299 ; *Moffat* v. *Strong*, 10 Johns. 12 ; *Jackson* v. *Bull*, 10 Johns. 19. The first taker has nothing more than the use of the property, and any conveyance of the real property by him would be inoperative and void as against the devisee over, if the contingency happens which will vest the fee in him. If the first taker could legally exercise acts of ownership over the property, it would be useless for the law to recognize and guard such devises. Such a devise and the power of disposal are repugnant, and cannot both exist under the same devise.

Where the right to alienate the fee is not given to the first taker by the instrument creating the estate, the Court of Chancery cannot by its decree authorize a conveyance of the estate by him, which will give good title thereto in fee to the purchaser, without the consent of all the devisees over in whom the title may ultimately vest absolutely. While the instrument stands as the foundation of the estate, it is controlling upon the court. Chancery may perhaps, in a case calling for such intervention, require the first taker of property limited by an executory devise, to give security before taking the property from the executor, and may restrain a contemplated sale of it, but it will not intervene to authorize a sale without the full consent of all persons who may have a contingent interest therein.

As in every executory devise the whole estate passes out of the devisor in the first instance—2 Wash. Real. Prop. 344–5 ; 2 Powell on Devises, 241—if the persons were all living who might take under the executory devise and capable of contracting, a conveyance of the estate joined in by the first taker and all the possible devisees over would give a good title in fee to the purchaser. So on a bill brought for that purpose in which all the possible devisees over are made parties, where the consent of all such possible devisees over to such a decree is shown by the pleadings, the Court of Chancery may doubtless by its decree authorize the conveyance of the estate by the first taker

Randall v. Josselyn.

upon the conditions of the consent or other equitable condi-
tions, which would give a good title to the purchaser against
the devisees over.

In the devise in question on the happening of the contin-
gency, the estate vests ultimately in the defendant Josselyn,
if he survives the orator, but if he does not, then in the de-
fendant's children and their descendants living at the orator's
decease.

It cannot now be determined in whom of the devisees over
the estate will ultimately vest. The person who will take may
be yet unborn. The defendant's children and their descendants
are not parties to this proceeding, nor have they in any way
consented to the conveyance of their contingent interest. Their
contingent rights are in no way affected by the defendant's
answer, consenting that the orator may be authorized to convey
the fee on furnishing security to him to account for the avails.
A conveyance of their contingent interest under such circum-
stances, under a decree of the court, would be inoperative, and
give no title to the purchaser against them should the fee ulti-
mately vest in them or either of them.

We hold that the testatrix intended to provide for the de-
fendant or his children and their descendants on the contin-
gency of her son's dying without children, or their descendants
who could inherit from him, and that the devise over to him
or them on the happening of the contingency will take effect
as an executory devise, if there be any of them then to take,
and that the orator takes under the will a qualified or condi-
tional fee in the land in question subject to be defeated on his
dying without children or their descendants, if any of the
devisees over be then living to take the land, to whom the
same would in that event pass in absolute fee simple; and that
waiting the happening of this contingency, the orator has no
power to convey the land and give good title in fee thereto.

The decree of the Court of Chancery so far as it is in accord-
ance with these views is affirmed, and reversed so far as it
holds that the orator has power under the will to convey the

land in question and give good title thereto, and authorizes him to convey the same on giving the defendant a bond with ample surety to account for the avails thereof. As this bill was filed by the devisee against a devisee over for the purpose of obtaining a construction of the will, neither party is allowed costs. The cause is remanded to the Court of Chancery with a mandate to enter up a decree in accordance with the views herein expressed.