| 44 | 357 |
| 69 | 54 |
| 44 | 357 |
| 41ap417 | |

SARAH WORTMAN and Others, Respondents, v. MARY A. ROBINSON, Appellant, Impleaded with the BOWERY SAVINGS BANK and Others.

*Will — validity of an executory devise of a remainder, where the tenant for life has power to dispose of the principal for her own use — the residue not used cannot be assigned by her.*

By the second clause of his will a testator gave, devised and bequeathed unto his beloved wife all his estate, real and personal, of which he might die seized or possessed, and wheresoever situate, or so much thereof as she might use during her life. By the third clause he gave, devised and bequeathed unto certain persons therein named " the rest, residue and remainder of the estate of which I (the testator) may die seized or possessed, and which shall remain unused at the death of my (his) said wife, share and share alike."

*Held*, that the devise of the remainder was valid, and that the wife had no power to assign moneys belonging to the estate which were, at the time of the assignment and of her death, deposited in a bank.

Appeal from an interlocutory judgment entered in Queens county overruling the demurrer, to the amended complaint herein, interposed by the defendant Mary A. Robinson.

On or about the 17th day of February, 1884, Joseph Robinson died, having previously made his last will, dated the 16th day of March, 1883, which was admitted to probate in Kings county on the 31st day of March, 1884. By said will the defendant, Charles E. H. Robinson, was appointed executor, and duly qualified as such on the day of probate. Harriet Robinson, the widow of testator, died on the 5th day of May, 1884.

By the second clause of his will the testator gave to said Harriet Robinson " all my estate, real and personal, of which I may die seized or possessed, and wheresoever situate, or so much thereof as she may use during her life; and by the third clause he gave and bequeathed unto certain persons therein named ' the rest, residue and remainder

of the estate of which I may die seized or possessed, and which shall remain unused at the death of my said wife, share and share alike.' "

*John W. Fiske*, for the appellant.

*Harrison S. Moore*, for the respondents.

DYKMAN, J.:

The material facts arrayed in the complaint in this action are these: Joseph Robinson died in February, 1884, leaving a last will and testament, which forms a component part of the complaint, and which will receive more attention later on. At the time of the death of the testator, he had upon deposit in the savings bank, in the name of Joseph and Harriet Robinson, the sum of $3,000, of which he was the sole owner, and the bank book issued by the savings bank to the testator was found with other bank books and property of the testator, and went into the possession of his executor. Harriet Robinson died in May, 1884, and the money then remained in the bank, and Mary A. Robinson claims the same under an assignment from Harriet Robinson, which the plaintiffs allege was procured by fraud, force and undue influence.

The action is in equity to obtain a judgment declaring the assignment void, and permitting a recovery against Mary A. Robinson for $600 of the money, which she has drawn from the bank, and against the bank for the balance. The defendants interposed a demurrer to the complaint, which was overruled by the trial court, and we now have an appeal from the judgment and the order directing the same.

The allegation of the complaint respecting the money in question is that the testator, at the time of his death, had on deposit in the savings bank, in the name of Joseph and Harriet Robinson, the sum of about $3,000, of which he was the sole owner, and upon this assumption of the truth of this averment the fund belonged to the testator, notwithstanding the form and mode of deposit, and passed to the beneficiaries under his will. No effect can, therefore, be afforded to the assignment of Harriet Robinson, for she had nothing to assign under this view of the complaint. It will become necessary, therefore, to ascertain the direction given to the money by the will of the testator, and this is the controlling clause: " Second. I

devise and bequeath unto my beloved wife, Harriet Robinson, all my estate, real and personal, of which I may die seized or possessed and wheresoever situate, or so much thereof as she may use during her lifetime." The third clause creates an executory devise to the plaintiff of the residue of the estate remaining unused at the death of the wife. The executory devise is dependent upon the failure of the first taker to execute the absolute beneficial power of disposition, which was vested in her by the second clause, and the invalidity of such limitation is claimed by the defendants upon the authority of *Jackson* v. *Buel* (10 Johns., 19); *Van Horn* v. *Campbell* (100 N. Y., 287), and similar cases of the same kind. Under these authorities it is claimed that the gift over is absolutely void, independent of the question respecting the exercise of the power of disposition, but we cannot coincide with that view.

The language of the will is quite peculiar, and does not give all the estate, but only so much thereof as the wife may use during her life, and the residue unused at her death is given to the plaintiff. The intention of the testator is thus plainly evinced to give his wife so much of his estate as she desires to use during her life, and give the unused portion to the plaintiffs, and our conclusion is that such testamentary intention may be perpetuated even at common law, independently of the question of the effect of the provisions of our Revised Statutes affecting the question. Under this view, it was beyond the power of the wife to assign to the appellant the undisposed portion of this fund, and the complaint states a good cause of action in favor of the plaintiffs.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order directing same upon overruling demurrer to plaintiffs' complaint affirmed, with costs.