McClellan v. Larchar.

ELLEN M. McCLELLAN

v.

FRANK M. LARCHAR.

A testator by his will gave and devised all his estate, real and personal, to his wife, "the same to be held and enjoyed by her fully and absolutely, and without restriction of any kind, with full power to alienate, convert or dispose of the same in such manner as she may deem best;" and provided subsequently, in the same instrument, that upon the death of his wife all his estate, "or so much of it as remains the property of my wife on her death," should go to his children.—*Held*, that the devise to the wife was of a fee-simple, and that the devise over to the children is void. Also, that, without regard to the wife's estate, the will, expressly and by implication, gives her a power to sell the testator's lands.

On bill for specific performance.

*Mr. George F. Canfield*, for the complainant.

*Mr. James W. Field*, for the defendant.

THE CHANCELLOR.

The object of this suit is to compel the defendant to specifically perform his written agreement to purchase the late residence of General George B. McClellan, at Orange, in this state. The only question between the parties is whether the complainant, under the will of her husband, has power to sell the real estate in question. She has tendered to the defendant not only her individual deed, but also her deed as executrix and trustee under the will, and her children have offered to join in any conveyance that may be necessary from them to perfect the defendant's title.

General McClellan died seized of the premises in question, on the 29th of October, 1885, leaving a will which was subsequently, on the 21st of July, 1888, proved before the surrogate of Essex county. Letters testamentary were issued to the complainant alone.

After revoking all previous wills, the instrument under consideration provided as follows:

McClellan *v.* Larchar.

*"First.* After the payment of my just debts and funeral expenses, I give, bequeath and devise to my beloved wife, Ellen Marcy McClellan, all the estate, both real and personal, of whatever nature and wheresoever situate of which I may die seized or possessed, or to which I may be entitled at the time of my death, the same to be held and enjoyed by her fully and absolutely, and without restriction of any kind, with full power to alienate, convert or dispose of the same in such manner as she may deem best.

*"Second.* Upon the death of my said wife, or if she should not survive me, I direct that all my estate, real and personal, herein mentioned, or so much of it as remains the property of my wife on her death, should she survive me, with the exception of such articles as are hereinafter specifically bequeathed, be divided between my two children, George B., Jr., and Mary M., share and share alike."

The testator then provided that his son, George, should receive his share " at once without restriction " if he should have attained the age of twenty-one years at the time of the testator's wife's death, should she survive the testator; and otherwise, at the testator's death, and that if he should not be twenty-one years old at either of said events, that his share should be held in trust for him until he should reach that age. Provision was next made for putting the share of the daughter in trust for her benefit, and also for the death of one child before the other, during their mother's life. The will then continued :

" Should my wife survive both my children, I leave her entirely at liberty to dispose of all the estate, both real and personal, accruing to her under the provisions of this will, as she may deem best, knowing that she will, as far as practicable, carry out what she thinks my wishes would have been."

Bequests were then made of his library, watch, signet ring, swords, uniforms and military equipments, to " take effect " after the death of his wife.

The testator then named a literary executor, and appointed his wife the executrix of his will and the guardian of his children, and authorized her, if she should deem it best to do so, to associate another with her in the executorship. He provided for an executor of his will and a guardian of, and a trustee for, his children, in the event of the death of his wife during their minority, and prescribed the duty of such trustee. He gave his wife power, upon the marriage of his daughter, or by the wife's will, to

terminate the trusts of the daughter's share in the estate, so that it may become absolutely the daughter's property; and he, lastly, provided that the trustee who should act under his will, for the purpose of carrying out the will, should be empowered to sell any and all of his real estate and give good and sufficient deed or deeds to the purchaser or purchasers thereof.

It is obvious, upon reading this will, that the testator's scheme was to give his entire estate to his wife in fee, except his library, swords, military effects, watch and signet ring. His provision is that she may enjoy such property " fully and absolutely, without restriction of any kind," and have full power to alienate, convert and dispose of it as to her may seem best. Such a devise carries a fee. *Borden* v. *Downey, 6 Vr. 74; S. C. on error, 7 Vr. 460; Dutch Church* v. *Smock, Sax. 148; Annin* v. *Vandoren, 1 McCart. 135; Sharp* v. *Humphreys, 1 Harr. 25; Armstrong* v. *Kent, 1 Zab. 509; S. C., 2 Hal. Ch. 559, 637; Elle* v. *Young, 3 Zab. 481; Cantine* v. *Brown, 17 Vr. 599; Schoul. Wills 559.*

As was said by Chancellor Kent, in pronouncing the judgment of the court of errors of New York, in *Jackson* v. *Robins, 16 Johns. 537, 588,* and repeated by Mr. Justice Depue, in delivering the opinion of the court of errors and appeals in *Downey* v. *Borden, supra,* " We may lay it down as an incontrovertible rule that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to this rule is, where the testator gives to the first taker an estate for life *only,* by certain and express words, and annexes to it a power of disposal. In that particular and special case, the devisee for life will not take an estate in fee."

Now, the design of the testator here, which is made conspicuous throughout his entire will, is that his wife shall hold and enjoy the property given to her, not for life, but " fully and absolutely, and without restriction of any kind." This design is made manifest, even in the language used, when the testator speaks of that which he desires his children to take upon the death of his wife, for it will be observed that he there says

McClellan v. Larchar.

nothing to indicate the slightest purpose to cut down the estate previously given to his wife, but, on the contrary, even in that part of his will, expressly recognizes his wife as the absolute owner of the entire property. He only professes to deal, in the devise and bequest over to his children, with that which shall remain her property at her death. He expresses it: "So much of it as remains *the property of my wife* on her death," and later, contemplating the event of the death of his children before his wife:

"Should my wife survive both of my children, I leave her entirely at liberty to dispose of all the estate, both real and personal, *accruing to her* under the provisions of this will, as she may deem best."

In both of these expressions he declares that he deals with his wife's property, not with his own. Thus he exhibits a tenacity of purpose that the estate which he has given to his wife shall not be cut down. There is, then, a devise over to his children which is inconsistent with the wife's full enjoyment of the fee and right of disposition, and such a devise, under the well-settled rule, is void. It can neither be sustained as a contingent remainder, for such an estate cannot be limited upon a fee-simple (*2 Wash. Real Prop. 225*), nor as an executory devise, because such a devise cannot be defeated by the alteration of the estate after which it is limited. *4 Kent 270; Armstrong* v. *Kent, 1 Zab. 509.*

In *Annin* v. *Vandoren, 1 McCart. 135, 143,* where a testator made absolute bequests to his daughters, Lenah and Mary, and subsequently provided:

"Should my daughters, Lenah and Mary, or either of them, die leaving no legal issue, the share or shares herein bequeathed to her or them, if not paid over by my executors, and if paid over, then such part thereof as remains unexpended, I give and bequeath unto my surviving children and their heirs equally,"

Chancellor Green said : " The gift over, upon the death of the legatee without issue, is not of the entire legacy, which would have qualified the original gift and made it a gift for life, but it is of such part thereof as remains unexpended.  *  *  *  The cases rest upon the principle that if the testator, either expressly

McClellan v. Larchar.

or by implication, manifests an intent to vest in the first legatee the uncontrolled power of disposing of the property, such power involves the idea of absolute ownership, and the limitation over is void, as inconsistent with the rights of the first legatee."

This principle was also recognized, in this state, in *Armstrong* v. *Kent, 1 Zab. 509; S. C., 2 Hal. Ch. 559, 637,* and in *Hoxsey* v. *Hoxsey, 10 Stew. Eq. 21.*

In *Ide* v. *Ide, 5 Mass. 500, 504,* where a testator gave his son P., and his heirs and assigns forever, certain lands and personal property, and made further provision in these words: "And, further, it is my will that if my son P. shall die and leave no lawful heirs, what estate he shall leave to be equally divided between my son J. and my grandson N.;" Chief-Justice Parsons said: " The limitation over is not of the estate devised to P., but *of what estate devised to him he shall leave.* From this expression, it seems very clear that the testator, after having devised an express fee-simple to P., intended also that he should have an unqualified power to dispose of it at his pleasure; and if he should dispose of the whole, there would be nothing left subject to the executory limitation.   *   *   *   Whenever, therefore, it is the clear intention of the testator that the devisee shall have an absolute property in the estate devised, a limitation over must be void, because it is inconsistent with the absolute property supposed in the first devisee. And a right in the first devisee to dispose of the estate devised at his pleasure, and not a mere power of specifying who may take, amounts to an unqualified gift."

In *Howard* v. *Carusi, 109 U. S. 725, 730,* a testator gave all his estate, real and personal, to his brother,

"To be held, used and enjoyed by him, his heirs, executors, administrators and assigns forever, with the hope and trust, however, that he will not diminish the same to a greater extent than may be necessary for his comfortable support and maintenance, and that at his death, the same, or so much thereof as he shall not have disposed of by devise or sale, shall descend to my three beloved nieces" &c.,

and Justice Woods, delivering the opinion of the court, said: " We have then devised to Samuel Carusi an estate in fee-simple,

with an absolute power of disposition, either by sale or devise, clearly and unmistakably implied. Therefore, according to the adjudged cases, the limitation over to the nieces of the testator is void. The rule is well established that, although generally an estate may be devised to one in fee-simple or fee-tail, with a limitation over by way of executory devise, yet when the will shows a clear purpose of the testator to give an absolute power of disposition to the first taker, the limitation over is void."

To the same effect is the current of the authorities. *Attorney-General* v. *Hall, Fitzg. 314; Jackson* v. *Bull, 10 Johns. 19; Jackson* v. *De Lancy, 13 Johns. 537; Jackson* v. *Robins, 15 Johns. 169; S. C., 16 Johns. 537; McDonald* v. *Walgrove, 1 Sandf. Ch. 274; Burbank* v. *Whitney, 24 Pick. 146; Ramsdell* v. *Ramsdell, 21 Me. 288; Burleigh* v. *Clough, 52 N. H. 267; Melson* v. *Cooper, 4 Leigh 408; Schoul. Wills § 559; 4 Kent Com. 271; 2 Redf. Wills 278, 392; 2 Wms. Ex. 1376; 2 Jarm. Wills (R. & T. ed.) 495 n., 529 n.*

It is not, however, necessary to the determination of the controversy in this case, that I shall hold that the complainant has taken a fee-simple in the land in question, and that the devise over to the testator's children is void. It is sufficient, for the purpose of affording the relief sought, that it appears that the complainant may exercise a power of sale conferred by the will. Such a power has clearly been given to her, not only by express language, but also by necessary implication from the terms of the will. In the first clause it is provided that she shall have full power to alienate, convert or dispose of the testator's estate, real and personal, as she may deem best. Language could not more explicitly give a power of sale. It is objected, however, that this power is controlled and limited by the subsequent provision of the will, recited above, which is as follows:

"Should my wife survive both my children, I leave her entirely at liberty to dispose of all the estate, both real and personal, accruing to her under the provision of this will, as she may deem best;"

this clause implying that she is not at liberty to dispose of the entire estate. This provision is used by the testator in connec-

McClellan *v.* Larchar.

tion with the devise and bequest over, in favor of his children, and plainly relates only to that part of the estate which shall remain undisposed of at the death of the wife. It clearly does not affect any disposition the complainant may be desirous of making, by deed, during her life.

But the terms of the devise over to the children themselves imply and recognize the complainant's power to sell. This devise contemplates the disposal of "so much" of the estate devised and bequeathed to the complainant, "as remains her property at her death." That such an expression implies a power of sale is established by abundant authority. In *Attorney-General* v. *Hall, Fitzg. 314*, the expression "so much as he should die possessed of at his death," was held to imply the power of sale. So, there was a similar holding, in *Ide* v. *Ide*, above cited, where the words were "what estate he shall leave;" and in *Burbank* v. *Whitney*, where the words were, "with full power to do with it as she pleases, but whatever she may dispose of;" and in *Annin* v. *Vandoren*, where the language was, "then such part thereof as remains unexpended;" and in *Howard* v. *Carusi*, where the expression was, "so much thereof as he shall not have disposed of by devise and sale;" and in *Gifford* v. *Choate, 100 Mass. 343*, where the words were, "all said third part of said residue which shall remain at the time of her decease." See, also, *Hale* v. *Marsh, 100 Mass. 468; Bowen* v. *Dean, 110 Mass. 438; Jackson* v. *Bull, 10 Johns. 19; McDonald* v. *Walgrove, 1 Sandf. Ch. 274.*

My conclusion, upon these considerations, is, that the complainant is entitled to the relief she seeks. I will therefore decree that the defendant shall specifically perform his contract.