(24 Misc. Rep. 115.)

### CONKIE v. GRISSON.

(Supreme Court, Special Term, Niagara County. June, 1898.)

1. WILLS—ESTATES CREATED—DEATH.
   Testator devised lands to his daughter and her heirs, but, in case of her death without leaving children her surviving, then to his niece and nephew. *Held*, that the reference to the death of the daughter was to her death prior to that of testator, so that, on her surviving him, she took an absolute fee.

2. TAXATION—APPORTIONMENT BETWEEN HOLDERS OF DIFFERENT ESTATES.
   Laws 1855, c. 327, § 1, as amended by Laws 1869, c. 859, provides that, where land has been or is about to be sold for a term of years to satisfy any tax or assessment thereon, any person interested therein may, by action, compel an apportionment of such tax on any present, future, or presumptive interest in the property. *Held*, that an action will not lie thereunder to compel an apportionment of taxes levied by a city, to enforce which the city is authorized to sell the land only in fee, and not for a term of years.

3. SAME—DUTY OF LIFE TENANT.
   General annual city taxes must be paid by a life tenant, and are not chargeable to a remainder-man.

Action by Sophia Conkie against Frances E. Grisson. Complaint dismissed.

Whedon & Ryan, for plaintiff.
W. H. & F. A. Ransom, for defendant.

LAUGHLIN, J. This action is brought to compel the just and equitable apportionment of certain general city taxes levied on the premises described in the complaint, and situate in the city of Lockport, N. Y., or for a sale of the premises to pay the same, pursuant to the provisions of section 1, c. 341, Laws 1841, and section 1, c. 327, Laws 1855, as amended by chapter 859, Laws 1869. Daniel R. Dunn, who was the plaintiff's uncle and the defendant's father, died at

Lockport, in the month of February, 1850, seised in fee and possession of said premises. He left a last will and testament, dated and executed on March 9, 1849, which was duly admitted to probate by the surrogate's court of Niagara county, April 20, 1850. The plaintiff claims a vested remainder in the premises in question under the fourth clause of this will, subject only to the defendant's life estate therein. The defendant is in possession of the premises, claiming the fee thereof under the same clause or subdivision of the will, which reads as follows:

"Fourth. I give and bequeath unto my daughter Frances Elizabeth, her heirs and assigns, forever [the premises in question], together with the hereditaments and appurtenances thereto belonging or in any wise appertaining. But, in the case of the death of my said daughter Frances Elizabeth without leaving any children her surviving, then, in that event, I give and bequeath the same lands, tenements, and hereditaments to my niece and nephew Sophia Northrup [being the plaintiff] and Charles Northrup, the children of my deceased sister, Susan D. Northrup, their heirs and assigns, forever, to be equally divided between them, share and share alike."

The said Charles Northrup died, intestate, prior to the commencement of this action, leaving the plaintiff his only heir. The widow of the testator also died several years ago. The defendant is resident of the state of Michigan, and it does not appear that she has any other property in this state or elsewhere. The defendant is a widow, and has passed the ordinary child-bearing period. The taxes were due and payable, and the city treasurer had duly delivered a transcript thereof to the city attorney, who, before this action was commenced, threatened to bring an action to enforce the lien of the taxes by sale of the premises in fee, under the judgment in such action, pursuant to the provisions of sections 240 to 254 of the city charter (chapter 120, Laws 1886), inclusive, which provide for steps similar to those in the foreclosure of a mortgage, and require that all persons having liens upon or any interest in the premises shall be made parties defendant, and provide that all such parties shall be barred and foreclosed of all interest by such sale, and give a year for redemption from the sale, after which time, and in default of redemption, a deed is to be executed to the purchaser.

The earliest statute authorizing such an action as this in any case is chapter 341 of the Laws of 1841, entitled "An act to authorize the sale of real estate in certain cases to pay assessments and for other purposes." I deem it unnecessary to quote the provisions of this statute, for the reason that they are re-enacted in chapter 327 of the Laws of 1855, which is entitled "An act to provide for the due apportionment of taxes and assessments, and for the sale of real estate to pay the same." Although this later statute does not amend or expressly repeal the former, it re-enacts the substance thereof, and is more explicit and comprehensive, and was, I think, designed to supersede it. Section 1 of this law of 1855, as amended in 1869, reads as follows:

"In all cases where there are several persons interested at law or in equity in any real estate situated in this state, either as owning estates therein in possession, reversion or remainder, or as being presumptively entitled by virtue of any deed or will to such estates, on the death of any person or per-

sons, in being, or upon the happening of any contingency in such deed or will specified, and such real estate, or any part thereof, has been sold, or shall hereafter be sold, or is, or shall become liable, in case of default, to be sold for any term of years to satisfy any tax or assessment imposed thereon, then, and in every such case, upon any action brought by any person so interested therein, for the purpose of compelling a just and equitable apportionment of such tax or assessment upon the several present, future and presumptive interests as aforesaid, in such real estate, and the payment thereof, or the redemption of the real estate so sold accordingly, the supreme court shall have power at any time, on the application of any party to such action, to extend the time of redemption of any such real estate sold, or to be hereafter sold to satisfy any tax or assessment imposed thereon, to a period not exceeding six months from the entry of the final judgment to be given in such action, and to order a sale in fee simple absolute for such real estate, or any parts thereof, to pay such tax or assessment, or to redeem the same, or any part thereof, as aforesaid, and to direct the proceeds of such sale to be applied to the payment of such tax or assessment, or to the redemption of the real estate sold for such tax or assessment after defraying the costs, charges, and expenses of the action and the proceedings connected therewith."

The statute of 1855 makes section 3 of the statute of 1841 applicable to actions brought thereunder, and it provides with reference to compelling contribution as follows:

"In any final decree made in a cause instituted in the court of chancery for the purposes mentioned in this act, such court shall compel a just and equitable apportionment to be made by all persons having different estates in such lands as are hereinbefore specified, and liable to contribute to the payment of such tax or assessment, or to the redemption of such parts thereof as may have been sold by the authority of any city or village; and if any portion thereof has been sold by virtue of any order made during the progress of the cause, or by the authority of such city or village, whereby the interest or estate of one party has been charged with or made to contribute more than a just and equitable portion of such tax or assessment, such excess shall be deemed and decreed to be a lien upon the interest and estate of the other parties, in such proportions as shall be equitable and just."

I am of opinion that the proper construction of this will vests the complete title in the defendant, who was the testator's daughter, and that the clause, "But in case of the death of my daughter," being the contingency in which the plaintiff would take, had reference to the death of his daughter during his own lifetime, under the general and universal rule of construction applicable to wills, that when there is a devise or bequest simpliciter to one person, and in case of his death to another, it will be held that it has reference to a death occurring in the lifetime of the testator, in the absence of other language plainly indicating that it has reference to a death subsequent to that of the testator.    The reason for the rule and the rule itself have been clearly and tersely stated and repeatedly quoted in the opinions in the following language:

"As death, the most certain of all things, is not a contingent event, but the time only, the words of contingency in a devise of the character mentioned can be satisfied only by referring them to a death before a particular period; and, as no other period is mentioned, it is necessarily presumed that the time referred to is the testator's own death."

Where real estate is devised in terms denoting that the intention was that the primary devisee should take a fee on the death of the testator, followed by a devise over in case of his death without issue, it has been uniformly held in England, and is the rule, supported by the

preponderance of judicial authority, in this country, that the words refer to a death without issue in the lifetime of the testator, and that the primary devisee, surviving the testator, takes an absolute fee simple.    Jackson v. Bull, 10 Johns. 19; Vanderzee v. Slingerland, 103 N. Y. 47, 8 N. E. 247; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11.

There is, however, another insurmountable obstacle to the maintenance of this action.    The right of action is purely statutory, and the statute does not apply to these taxes.    The sale threatened is not for a term of years.    The city has no authority to sell the premises for a term of years.    The sale can only be made by a decree of the court made in an action to enforce the lien of the taxes; and the charter (section 241) requires that all persons having any lien upon or interest or estate in the property shall be made parties defendant, and all such persons are barred and foreclosed of all liens, interest, or estate by the final judgment.    The sale is subject only to state and county taxes and United States liens.    In case the city brings such an action to foreclose the lien of these taxes, the court can adjust and protect the rights of the defendants by providing for a sale in parcels, and sufficient only to pay the taxes, which is the sole relief that could be granted under the statute which the plaintiff seeks to bring this action within.    So far as the evidence shows, the taxes in question are general annual city taxes; and, if the defendant were only a life tenant, it would be her duty to pay them all, and there would be nothing for a court of equity to apportion between them.    Peck v. Sherwood, 56 N. Y. 615; Thomas v. Evans, 105 N. Y. 612, 12 N. E. 571.    The defendant being a nonresident, and there being no evidence that she has other property out of which the court could compel her to pay the taxes, the action probably could not be sustained even if presented and tried on that theory, which it has not been.

The complaint is therefore dismissed, upon the merits, with costs.